NOT DESIGNATED FOR PUBLICATION

No. 122,633

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JAMES SCOTT LOMON,
*Appellant*.


MEMORANDUM OPINION

Appeal from Cowley District Court; NICHOLAS M. ST. PETER, judge. Opinion filed February 26, 2021. Appeal dismissed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).

Before GARDNER, P.J., SCHROEDER, J., and WALKER, S.J.

PER CURIAM: James Scott Lomon appeals his sentence, arguing the district court should have imposed a dispositional departure to probation in addition to granting a downward durational departure to a 14-month prison sentence. We granted Lomon's motion for summary disposition under Kansas Supreme Court Rule 7.041A (2020 Kan. S. Ct. R. 47). The State filed no response. Since we find that review of Lomon's appeal is precluded by K.S.A. 2020 Supp. 21-6820(c)(1), his appeal of the district court's sentencing determination is dismissed.

On January 14, 2020, Lomon pled guilty to felony nonresidential burglary, a severity level 7 nonperson felony. In exchange for Lomon's guilty plea, the State agreed

1

to a downward durational departure to a 14-month prison sentence. The State also noted that it would not oppose a request for a dispositional departure so long as Lomon's criminal history score was "not C." As the State explained to the district court at the plea hearing, if Lomon's criminal history score was B or A, he would be in a presumptive prison box on the sentencing grid. The State indicated if this were the case, it would not oppose Lomon's request for a nonprison sentence. According to Lomon's presentence investigation report, his criminal history score was in fact B. After conducting the customary plea colloquy, the district court accepted Lomon's plea.

Sentencing took place on February 18, 2020. Prior to the hearing, Lomon did not file any motions for either a downward durational or dispositional departure. The district court found—and Lomon agreed—that Lomon's criminal history score was B and that he faced a 7-B grid box sentence between 27 and 34 months. However, Lomon made oral motions asking the court to durationally depart to the 14-month sentence outlined in the plea agreement and, likewise, grant him a dispositional departure to probation. The State agreed to Lomon's request. Based on this, the court granted Lomon's request for a downward durational departure and imposed the 14-month prison sentence. The district court cited to no other reasons, other than the plea agreement, for the departure. However, the district court followed the 7-B grid box presumption for imprisonment and committed Lomon to prison for the 14-month sentence.

Lomon immediately challenged the imposition of this sentence, arguing to the district court that he was under the impression he would receive a probation sentence as contemplated in the plea agreement. However, the district court explained:

> "It's a presumptive prison sentence. You don't really have any ties to this county. You've got other holds. The Court believes the appropriate disposition is simply a prison sentence.
> . . . .

"And looking at the length of your criminal history, my belief is prison is the appropriate disposition, and that's what I've ordered today. I have given you a break on the durational departure, as the State recommended in the plea agreement. I certainly advise you of your right to appeal if you wish to."

Thus, the district court denied Lomon's oral request for a downward dispositional departure to probation. In the sentencing journal entry, the court noted that the reason it granted the durational departure was solely due to the parties' plea agreement. Lomon timely appealed his sentence.

In his motion for summary disposition, Lomon argues that the district court abused its discretion in failing to depart to a probation sentence. Specifically, he asserts that the court should have granted him a dispositional departure because the State did not oppose his request to be placed on probation.

While it is true that the plea agreement provided that the State would not oppose Lomon's request for a probation sentence if his criminal history score was not C, this does not mean the district court had to follow the plea agreement terms at sentencing. See *State v. Beck*, 307 Kan. 108, 110, 406 P.3d 377 (2017) (noting that plea agreements are not binding on district courts); *State v. Boley*, 279 Kan. 989, 996, 113 P.3d 248 (2005) ("[I]n Kansas both parties to a plea agreement assume the risk the sentencing court will impose a sentence different than the sentence recommended as part of the plea agreement because sentence recommendations made pursuant to a plea bargain are not binding on the trial court."). In fact, the record shows that at sentencing, Lomon agreed his criminal history was B, he requested and received a durational departure to 14 months, he then requested a dispositional departure to probation, and the State did not argue against the latter request. The State followed the terms of the plea agreement. But the district court determined that there were no substantial and compelling reasons to support a nonprison

3

sentence. As the district court noted, Lomon received a lenient departure sentence of 14 months as opposed to the 27 to 34 months he was facing—over a 50 percent reduction.

Kansas law contains clear strictures against appellate courts hearing appeals in situations, as here, where a district court follows the presumptions under our sentencing guidelines. K.S.A. 2020 Supp. 21-6820(c)(1) provides: "(c) On appeal from a judgment of conviction entered for a felony committed on or after July 1, 1993, the appellate court shall not review: (1) Any sentence that is within the presumptive sentence for the crime."

A Kansas prosecutor engaging in plea bargaining may only "recommend a particular sentence." K.S.A. 2020 Supp. 21-6812(b) and (c). In addition:

> "In Kansas, 'all plea discussions are premised upon an understanding that such agreements are not binding upon the trial judge. Thus, when a plea agreement of guilty is tendered or received as a result of a prior plea agreement, the trial judge may give the agreement consideration, but is not bound by its terms and can reach an independent decision on whether to approve a negotiated charge or sentence concessions.' [Citation omitted.]" *Boley*, 279 Kan. at 993.

Lomon received the benefit of his bargain on the durational departure. But the district court was not bound by the negotiations of the parties on the dispositional departure, and the judge exercised his independent judgment to deny probation. Since the 7-B grid box calls for presumptive imprisonment, the district judge's decision on that issue is unappealable under K.S.A. 2020 Supp. 21-6820(c)(1).

Appeal dismissed.